UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIOVANNA SERVEDIO,

                            Plaintiff,

            v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/03/22

19-CV-9903 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On October 14, 2020, the Honorable Kevin Nathaniel Fox issued a Report and Recommendation that recommended this Court grant Plaintiff's motion for judgment on the pleadings, deny the Commissioner's cross-motion for judgment on the pleading, and remand this action to the Commissioner.  There were no objections to the Report and Recommendation, and, finding no clear error, the Court adopted the Report and Recommendation.

Now before the Court is Plaintiff's motion seeking attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d).  Plaintiff requests fees and costs in a total amount of $12,405.90 for 59.1 hours of work performed by attorney Daniel Berger and 0.6 hours of work performed by a paralegal.  The government opposes the motion only on the basis of "unreasonably high" number of hours expended in a "straightforward" case. Opp. at 3.  Plaintiff contends that the approximately 60 hours expended is reasonable in light of the complexity of the case and the 2,100-page administrative record.  Reply at 1–3.

The EAJA provides for the award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A).  The "most useful starting point" for determining whether a fee is reasonable is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The government does not contest that Plaintiff's counsel's rate of $209 is reasonable, but only that the 59.7 hours expended was excessive.  While courts in this circuit have found that twenty to forty hours represents a reasonable expenditure of time in routine social security cases, court have "not hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant such an award."  *Price v. Comm'r of Soc. Sec.*, No. 19-CV-8499 (JPO), 2022 WL 1567463, at *1 (S.D.N.Y. May 18, 2022) (quoting *Hiciano v. Apfel*, No. 98 Civ. 4037, 2002 WL 1148413, at *2 (S.D.N.Y. May 29, 2002)) (internal quotations and citations omitted).  Indeed, courts have routinely award attorneys' fees for greater than forty hours of work where there was a voluminous administrative record.  *See George Ortiz v. Comm'r of Soc. Sec.*, No. 20-CV-5715(AJN)(SN), 2022 WL 2713571, at *1 (S.D.N.Y. July 13, 2022) (collecting cases).  In *Ortiz v. Comm'r of Soc. Sec.,* Judge Nathan addressed a similar fee application and awarded $14,424 in fees for 66.5 hours expended in a case with a 2,146-page administrative record.  *See Ortiz*, 2022 WL 2713571, at *1 (S.D.N.Y. July 13, 2022) (collecting cases).  For the same reasons outlined in Judge Nathan's well-reasoned opinion, the Court finds that the 59.7 hours expended in this case, involving a 2,100-page record, is reasonable.  *See id.*

Accordingly, the Court hereby grants Plaintiff's motion for attorneys' fees and costs and awards $12,405.90.

SO ORDERED.

Dated:     August 3, 2022
           New York, New York

RONNIE ABRAMS
United States District Judge

2